7 F.3d 225
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carol PRIEST, as Personal Representative of the Estate of
Brandon Priest, a minor three (3) years of age,
Plaintiff-Appellant,
v.
CITY OF MYRTLE BEACH, SOUTH CAROLINA, a Body Politic,
Defendant-Appellee,
and
Priscilla C. Anderson, individually and d/b/a Pine Breeze
Mobile Home Park; Kenneth D. Anderson,
individually and d/b/a Pine Breeze
Mobile Home Park, Defendants.
 No. 92-1926.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 5, 1993.
Decided: September 27, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. William B. Traxler, Jr., District Judge. (CA-91-2585-4-21)
 Fred Henderson Moore, Charleston, South Carolina, for Appellant.
 Michael W. Battle, Battle Law Firm, P.A., Conway, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Carol Priest appeals from the district court's order granting the Defendants'[1] motions for summary judgment on her claims under 42 U.S.C. § 1983 (1988). We affirm.
 
 
 2
 In February 1990, Priest's son, Brandon, was found dead in an abandoned septic tank located in the Pine Breeze Mobile Home Park where Priest and Brandon lived. Following an autopsy, it was ruled that Brandon had been strangled and then placed in the septic tank. Police have treated the death as a homicide. Priest filed suit against the City of Myrtle Beach and the owners of the mobile home park alleging that the City had failed to provide equal access to public services, and that the owners had failed to maintain the septic tank. Priest also appended several state law claims.
 
 
 3
 Both the Plaintiff and the Defendants moved for summary judgment. After a hearing, the district court issued an opinion granting the Defendants' motions for summary judgment on the federal claims and dismissing the state law claims without prejudice. The district court construed the complaint as raising a substantive due process claim and an equal protection claim. The court found that the actions of the Defendants did not "shock the conscience" and denied the due process claim on that basis. The district court denied relief on the equal protection claim after finding that Priest had failed to establish that any class-based distinctions had been made by the Defendants. Priest filed a timely notice of appeal.
 
 
 4
 This Court reviews a grant of summary judgment de novo, applying the same standards applied by the district court. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).
 
 
 5
 In Temkin v. Frederick County Comm'rs, 945 F.2d 716, 723 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3578 (U.S. 1992), this Court held that in order to state a claim for a substantive due process violation under § 1983 a plaintiff must show that the defendant's conduct "shocks the conscience." Even assuming that the City had a duty to assure that the conditions created by the septic tank were ameliorated,[2] Priest's allegations show no more than mere negligence on the City's part. Summary judgment was therefore properly granted on the due process claim. Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 6
 As for the equal protection claim, even assuming that residents of Priest's mobile home park could properly be treated as a class for purposes of equal protection analysis, the uncontested medical evidence was that Brandon was murdered before his body was placed in the septic tank. Therefore, any unequal treatment by the City concerning the septic tank could not have been a cause of Brandon's death. Accordingly, summary judgment was properly granted on this claim as well.
 
 
 7
 The decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The Defendant City of Myrtle Beach is the only Appellee
 
 
 [2]
 The uncontradicted evidence demonstrated that local ordinance made the landowner responsible for filling or sealing abandoned septic tanks